J-S52021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NICKALAUS B. STOUTZENBERGER :
:
Appellant : No. 944 MDA 2018

Appeal from the PCRA Order Entered June 5, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002801-2015

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED OCTOBER 29, 2018**

Nickalaus Stoutzenberger appeals from the order entered June 5, 2018, dismissing his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We derive the following statement of the factual and procedural background in this matter from the certified record, including the PCRA court's comprehensive opinion.  *See* PCRA Ct. Opinion, filed May 29, 2018.  In January 2016, following a bench trial, Stoutzenberger was convicted of involuntary deviate sexual intercourse with a child, as well as two counts of indecent assault of a person less than 13 years old.[1]  In part, the evidence against Stoutzenberger consisted of testimony from the victim (his sister) and

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Respectively, 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7).

a printout of an Internet chatroom conversation between Stoutzenberger and an individual named "Anna," in which he described a sexual encounter similar to that alleged by the victim. In April 2016, the trial court imposed an aggregate sentence of 16½ to 40 years of incarceration. Stoutzenberger timely appealed, and this Court affirmed the judgment of sentence. *Commonwealth v. Stoutzenberger*, 168 A.3d 309 (Pa.Super. 2017) (unpublished memorandum). Stoutzenberger did not seek further appellate review.

In July 2017, Stoutzenberger filed *pro se* a PCRA petition asserting ineffective assistance of trial counsel. *See* PCRA Petition, 07/06/2017. The PCRA court appointed counsel, who thereafter filed a petition to withdraw and a *Turner*/*Finley* letter analyzing Stoutzenberger's claims and concluding they were without merit.[2] The PCRA court denied counsel's petition and scheduled an evidentiary hearing.

In January 2018, the PCRA court held an evidentiary hearing. In relevant part, Stoutzenberger provided testimony asserting that (1) the victim had a motive to fabricate her allegations against him, (2) the victim fabricated a claim against him during the investigation that preceded the filing of criminal charges, and (3) excerpts from a chat log, admittedly written by

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988).

Stoutzenberger, were misleading. *See* Notes of Testimony, PCRA Hearing (N.T. PCRA), 01/25/2018, at 4-23.

Regarding the victim's alleged motive to falsely accuse him, Stoutzenberger acknowledged that he could not "remember specifically if there was a specific incident." *Id.* at 11. Nevertheless, Stoutzenberger described an incident in which the victim became "fairly angry" with him. *Id.* at 12. According to Stoutzenberger, after he refused to visit with the victim at their grandmother's home, he returned to discover that the victim had "poured baby oil all over my room and ruined a couple of video game controllers and paperwork and some CDRs that I had next to my Play Station II with the controllers." *Id.*[3]

Stoutzenberger also testified that the victim fabricated a specific claim against him, *i.e.*, that an abusive incident took place at his mother's store. *Id.* According to Stoutzenberger, the incident could not have happened because "the store didn't come into being until after the alleged incident took place." *Id.* at 11. However, on cross-examination, Stoutzenberger acknowledged that the Commonwealth did not charge him for any alleged incident that occurred at his mother's store. *Id.* at 21-22. Further, Stoutzenberger was not sure if he informed trial counsel of this concern. *Id.* at 22.

_____

[3] Stoutzenberg lived with his grandmother for several years. *Id.* at 13.

Finally, regarding the excerpts from the chat log, Stoutzenberger renewed assertions first made during his trial, that a sexual encounter described therein was fictional. *Id.* at 7-10. According to Stoutzenberger, the excerpts lacked proper context, and moreover, trial counsel should have highlighted inconsistencies between the chat log and the victim's accusations. *Id.* at 7-8, 18-20. On cross-examination, Stoutzenberger acknowledged that the abbreviated form of the chat log was discussed at trial. *Id.* at 23. Stoutzenberger also conceded that he was unsure whether "the unedited version exists." *Id.*

Stoutzenberger's trial counsel also testified at the hearing. Counsel could not recall whether Stoutzenberger had voiced concern over the apparent discrepancy between when his mother had opened a store and when an alleged incident had occurred there. *Id.* at 28. Nevertheless, counsel testified that he would have raised this concern if Stoutzenberger had told him. *Id.*

Following briefing by the parties, the PCRA court denied relief. Stoutzenberger timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. In response, the PCRA court directed our attention to its previously issued opinion.

Stoutzenberger raises the following issues on appeal:

[1.] Did the PCRA court err by failing to find that trial counsel provided ineffective assistance by failing to adduce evidence from [Stoutzenberger] tending to show that the complaining witness had a motive to lie?

[2.] Did the PCRA court err by failing to find that trial counsel provided ineffective assistance tending to show that the complaining witness lied to investigators?

[3.] Did the PCRA court err by failing to find that trial counsel provided ineffective assistance by failing to present evidence of [Stoutzenberger's] conversation on a chat log in its entirety, but rather allowed the Commonwealth to present only portions of the conversation?

Stoutzenberger's Br. at 4 (unnecessary capitalization omitted).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by record evidence and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa.Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa.Super. 2010)). Further, we may affirm the PCRA court's decision on any grounds if the record supports it. *See Commonwealth v. Reed*, 107 A.3d 137, 140 (Pa.Super. 2014).

In each of his issues, Stoutzenberger asserts trial counsel was ineffective. To be eligible for relief for an ineffectiveness claim, a petitioner must establish that counsel's deficient performance "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for

his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012). A claim will be denied if the petitioner fails to meet any one of these prongs. ***See Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa.Super. 2016) (citing ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009)). In particular, it is well settled that "[c]ounsel cannot be deemed ineffective for failing to pursue a meritless claim." ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa.Super. 2003) (*en banc*).

First, Stoutzenberger asserts that trial counsel was ineffective for failing to adduce evidence tending to show that the victim had a motive to fabricate the allegations against him. Stoutzenberger's Br. at 8. According to Stoutzenberger, as inculpatory evidence came primarily from the victim, it was vital to impeach her testimony. ***Id.*** He suggests that an incident described in his PCRA hearing testimony, in which the victim allegedly poured baby oil all over his room, demonstrated her animosity for him. ***Id.*** at 9. According to Stoutzenberger, had counsel presented this evidence at trial, the victim's credibility would have suffered, and the outcome of the proceeding would have been different. ***Id.***

The PCRA court rejected this claim, noting that (1) Stoutzenberger's current testimony contradicts statements previously given to police, (2)

Stoutzenberger failed to establish any temporal relevance to the baby oil incident, and (3) Stoutzenberger failed to establish that he had informed counsel of the incident. **See** PCRA Ct. Opinion at 8. We agree. There is no apparent relevance to this incident. Even if we assume that the victim at one time vandalized Stoutzenberger's room in retribution because he refused to visit with her, Stoutzenberger has failed to establish any temporal proximity between this incident and her allegations against him. Further, counsel is not ineffective for failing to impeach the credibility of a witness for the Commonwealth, absent some indication that counsel knew or should have known impeachment evidence exists. **See, e.g.**, **Commonwealth v. Bond**, 819 A.2d 33, 45-46 (Pa. 2002) ("Counsel cannot be found ineffective for failing to introduce information uniquely within the knowledge of the defendant and his family which is not provided to counsel."). Thus, this claim is without merit.

Second, Stoutzenberger asserts that trial counsel was ineffective for failing to present evidence that the victim lied to investigators. Stoutzenberger's Br. at 9. According to Stoutzenberger, the victim claimed that he had assaulted her inside a store leased by Stoutzenberger's mother. **Id.** However, Stoutzenberger argues, this allegation was demonstrably false because his mother did not lease the store until at least three years past the time frame of the alleged assaults. **Id.**

Again, we agree with the PCRA court's analysis:

[I]t must be recognized that the minor victim never testified at trial to allegations of sexual abuse as having occurred at the mother's store. To the contrary, during her trial testimony, the minor victim testified to three separate instances of sexual abuse at locations other than the store of the mother. [Stoutzenberger] was never charged with any instance of purported sexual abuse alleged to have occurred at the mother's store. As such, [trial] counsel cannot be deemed to be ineffective for failing to introduce evidence of other uncharged instances of alleged sexual abuse at trial.

PCRA Ct. Opinion at 9 (internal citation to trial testimony omitted). Accordingly, we conclude that this claim is without merit.

Finally, Stoutzenberger preserved a claim asserting that trial counsel was ineffective for failing to present evidence of [Stoutzenberger's] Internet chatroom conversation in its entirety, but rather allowed the Commonwealth to present only portions of the conversation. However, Stoutzenberger has failed to develop any argument in support of this assertion. **See generally** Stoutzenberger's Br. Accordingly, we deem the claim waived. **See, e.g.**, **Commonwealth v. Spotz**, 18 A.3d 244, 282 (Pa. 2011) (concluding ineffectiveness claim waived where appellant failed to meaningfully discuss elements of claim); **see also** Pa.R.A.P. 2119. Absent waiver, we note further that Stoutzenberger conceded during his testimony at the PCRA hearing that a complete transcription of the chat log may not exist. Thus, this claim too is without merit.

As each of his claims is without merit, Stoutzenberger has failed to establish that trial counsel was ineffective. **Loner**, 836 A.2d at 132.

Accordingly, we discern no error in the PCRA court's dismissal of Stoutzenberger's petition. ***Ragan***, 923 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2018